**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

BERNARD KING,

                              Plaintiff,                              9:25-cv-784
                                                                          (ECC/ML)

v.

DAVID KELLY, PHILIP KELLY, CHRISTINE
PLOSS, and KYLE FENTON,

                              Defendants.

---

Amy Jane Agnew, Esq., *for Plaintiff*
Shawn C. Graham, Asst. Att'y General, *for Defendants Philip Kelly and David Kelly*

**Hon. Elizabeth C. Coombe, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

Plaintiff Bernard King brings this action pursuant to 42 U.S.C. § 1983 against Defendants David Kelly, Philip Kelly, Christine Ploss, and Kyle Fenton, asserting claims for excessive force and failure to intervene in violation of his Eighth Amendment rights. *See* Dkt. No. 14 (First Amended Complaint). Presently before the Court is Defendant David Kelly and Philip Kelly's motion to dismiss the First Amended Complaint as against Defendant Philip Kelly pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 18. The motion is fully briefed. Dkt. Nos. 21, 22, 25. For the following reasons, the motion to dismiss is denied.

### I.    BACKGROUND[1]

In September of 2023, Plaintiff was in the custody of the New York State Department of Corrections and Community Supervision (DOCCS) and housed at Marcy Correctional Facility.

---

[1] These facts are drawn from the First Amended Complaint. The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of New York*, 952 F.3d 67, 74-75 (2d Cir. 2020), but does not accept as true any legal conclusions, *see*

Dkt. No. 14 ¶ 4. Defendants David Kelly and Philip Kelly were both correctional officers employed by DOCCS at Marcy Correctional Facility. *Id.* ¶¶ 5-6.

Plaintiff alleges that on September 3, 2023, shortly after a misbehavior report was authored against him and he was moved to a different dorm, a "response team of officers with rovers arrived" looking for him. *Id.* ¶¶ 10-12. Among these officers were "Officers Fenton and/or Kelly." *Id.* ¶ 13. Plaintiff alleges that "Officers Fenton and/or Kelly" restrained Plaintiff, brought him to a van, and drove him to a special disciplinary housing unit. *Id.* ¶¶ 13-16. Plaintiff alleges that "Officers Fenton and/or Kelly" then used excessive force on him during a strip frisk, fracturing his rib. *Id.* ¶¶ 17-22, 31.

## II.     LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level[.]" *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Unless otherwise noted, citations to page numbers refer to the pagination generated by the CM/ECF system.

## III. DISCUSSION

Defendants move to dismiss the First Amended Complaint as against Defendant Philip Kelly, contending that Plaintiff cannot show Philip Kelly's personal involvement in the alleged constitutional violations. *See generally* Dkt. No. 18-1. Defendants assert that Plaintiff has acknowledged that only one Correction Officer Kelly was involved in the events at issue and that the documentation Defendants provided Plaintiff in response to the Court's *Valentin* Order (*see* Dkt. Nos. 6, 11, 12) "clearly show[s] that Defendant Philip Kelly was not involved and that Defendant David Kelly[] is the proper party to this action." Dkt. No. 18-1 at 7.

As pointed out by Plaintiff in opposition, however, a court adjudicating a Rule 12(b)(6) motion "may review only a narrow universe of materials." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference," and a court may consider a document not incorporated by reference where the complaint renders the document "integral" by "rel[ying] heavily on its terms and effect." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230-31 (2d Cir. 2016) (citations omitted). Defendants do not contend that the documentation provided in response to the Court's *Valentin* Order falls within any of these categories. Thus, the Court will not consider this material extrinsic to the First Amended Complaint.[2]

Defendants raise no challenge to the sufficiency of the factual allegations in the First Amended Complaint and in fact "presume that all allegations against 'Kelly' are alleged against

---

[2] Even if the Court were to consider the extrinsic material, the Court agrees with Plaintiff that the documentation does not conclusively establish which Officer Kelly was involved in the alleged events underlying this lawsuit. *See* Dkt. No. 12-1 at 14 (memorandum signed by a "D. Kelly" asserting that he was not present during the strip frisk of Plaintiff).

Defendant Philip Kelly." Dkt. No. 18-1 at 7. Accordingly, the Court denies Defendants' motion to dismiss the First Amended Complaint as against Philip Kelly.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that David Kelly and Philip Kelly's partial motion to dismiss, Dkt. No. 18, is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 20, 2026

Elizabeth C. Coombe
U.S. District Judge

4